# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LOZANO and ESTHER LOZANO,<br><br>    Plaintiffs,<br><br>v.<br><br>JAKE HARLESS aka JACOB HARLESS, individually and doing business as JAKE HARLESS STATE FARM INSURANCE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 to 100, inclusive,<br><br>    Defendants. | 1:10-cv-00194 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DROP OR SEVER THE CLAIMS AGAINST JAKE HARLESS INSURANCE BROKERAGE AND PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT**<br><br>(Documents 11 & 12) |

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

For several years prior to December 2008, Plaintiffs Donald and Esther Lozano ("Plaintiffs" or "the Lozanos") consulted with Jake Harless of Jake Harless Insurance Brokerage ("Harless" or "JHIB") regarding insurance coverage for their motor vehicles through State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "Defendants"). Plaintiffs

contend they were advised and ensured that their uninsured/underinsured ("UM/UIM") coverage limits were $250,000/$500,000. (Doc. 11 at 2; Doc. 19 at 2.)

On or about December 7, 2008, Plaintiffs were involved in a motor vehicle accident with an uninsured driver. Thereafter, Plaintiffs learned their UM/UIM policy limits were in fact only $30,000/$60,000. (Doc. 11 at 2; Doc. 19 at 2.)

On December 7, 2009, Plaintiffs originally filed suit against Defendants in Stanislaus County Superior Court asserting claims for intentional or negligent misrepresentation, breach of fiduciary duty and general negligence. (Doc. 1, Ex. A.) On February 5, 2010, Defendants removed the action to this Court. (Doc. 1.) In the notice of removal, Defendants asserted that Defendant Harless's citizenship should be disregarded because he had been fraudulently joined and there was no legal basis to find him independently liable. (Doc. 1 at 2-3.)

On February 12, 2010,[1] Defendants filed a motion to drop or sever the claims against Harless and JHIB. (Doc. 11.) On February 24, 2010, Plaintiffs filed a motion to remand this action to state court. (Docs. 12-14.) That same date, Plaintiffs filed an opposition to Defendants' motion to drop or sever the claims. (Doc. 19.) On March 12, 2010, Defendants filed an opposition to Plaintiffs' motion to remand. (Doc. 21.) Finally, on March 19, 2010, Defendants filed a reply to Plaintiffs' opposition to the motion to drop or sever claims. (Doc. 23.)

---

[1]On this same date, Defendants also filed a Motion to Strike Portions of the Complaint and a Motion to Dismiss. (Docs. 9 & 10.) On February 24, 2010, District Court Judge Lawrence J. O'Neill issued a minute order vacating the hearing date of March 26, 2010, and striking the motions from the docket. Defendants were ordered to re-file and re-notice the motions no later than five days following disposition of the motions that are the subject of these findings. (*See* Doc. 20.)

On March 24, 2010, this Court determined these matters were suitable for decision without oral argument pursuant to Local Rule 230(g).[2] The hearing scheduled for March 26, 2010, was vacated and the matters were deemed submitted for written findings. (Doc. 24.)

Because resolution of one motion resolves the other, the Court will address both matters in the instant findings.

## II.

## LEGAL STANDARD

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A defendant seeking to avoid remand must prove fraudulent joinder. In other words, defendant must prove that plaintiff has named a defendant against whom no cause of action lies

---

[2] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits. Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

3

and that defendant's joinder defeats diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined when there is no possibility that the plaintiff will succeed in establishing his or her liability. *Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

## III.

## DISCUSSION

### A. *Summary of the Parties' Positions*

Plaintiffs assert this matter must be remanded pursuant to Title 28 of the United States Code section 1441, yet provide no analysis in their points and authorities. (*See* Doc. 13.) Plaintiffs counsel's declaration filed simultaneously indicates subject matter jurisdiction is lacking "because the defendant, Jake Harless, is a citizen of the State of California and is sued in his individual capacity. Harless was the agent who sold the insurance to the plaintiffs and it is our understanding, before discovery is completed, that he is an independent contractor." (Doc. 14, ¶ 5.) In their opposition to Defendants' motion to drop or sever claims, Plaintiffs argue their claims against Jake Harless "are valid claims asserted under California law and therefore cannot be dropped" and that Jake Harless was not fraudulently joined nor are Plaintiffs' claims against him a "'sham.'" (Doc. 19 at 3-5.)

Defendants contend however that as an agent of State Farm, Jake Harless cannot be held individually liable for the acts alleged in Plaintiffs' complaint, and therefore, Mr. Harless was fraudulently joined to defeat diversity jurisdiction. (Docs. 11 & 21.) Defendants assert that Mr. Harless was acting within the course and scope of his employment as an agent of State Farm, and as such, any actions he took regarding the coverage obtained for Plaintiffs shield him from liability. Defendants rely upon *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245 (E.D. Cal. 1992) and *Good v. The Prudential Ins. Co. of America*, 5 F.Supp.2d 804 (N.D. Cal. 1998) in support of their position. (Doc. 11 at 3-5 & Doc. 21 at 3-5.) Because Mr. Harless was fraudulently joined to defeat diversity jurisdiction, assert Defendants, he "may be dropped or the claims against

4

[him] may be severed from the action in accordance with Federal Rule of Civil Procedure 21." (Doc. 11 at 5-6.) For those same reasons, Defendants assert that Plaintiffs' motion for remand should be denied. (Doc. 21 at 5-6.) In their reply to Plaintiffs' opposition to the motion to drop or sever claims, Defendants assert that the authorities upon which Plaintiffs rely are distinguishable, and that Plaintiffs have made no effort to refute the holdings of the cases upon which Defendants rely. (Doc. 23 at 2-5.)

**B.** *The Complaint*

Plaintiffs' complaint asserts three causes of action: intentional or negligent misrepresentation, breach of fiduciary duty, and general negligence. Plaintiffs name Jake or Jacob Harless and State Farm in each cause of action. Plaintiffs also contend Mr. Harless was acting both individually and on behalf of State Farm. Plaintiffs' complaint does not specifically include language that Mr. Harless was acting within the course and scope of his employment or agency. (Doc. 1, Ex. A.)

More particularly, Plaintiffs contend that they had purchased insurance from Defendants for several years, and that at all times, Harless assured Plaintiffs that they were fully insured, including the maximum UI/UIM benefits available. Plaintiffs relied upon Defendants' expertise, including the fact Harless held himself out as a "'2nd Generation State Farm'" agent. Following an automobile accident with an uninsured driver on December 7, 2008, Plaintiffs learned for the first time that Defendants negligently misrepresented that Plaintiffs were insured for the maximum UI/UIM limits of $250,000/$500,000. Rather, Plaintiffs learned their insurance policy included only $30,000/$60,000 UI/UIM limits, the minimum coverage available. (Doc. 1, Ex. A.)

**C.** *Analysis*

All parties acknowledge that a defendant is fraudulently joined when there is no possibility that the plaintiff will succeed in establishing his or her liability. *Good v. Prudential Ins. Co.*, 5 F.Supp.2d at 807. Whether Plaintiffs can establish liability against Jake Harless

individually is the question before this Court.  If there is a possibility that the Lozanos can state a claim against him individually, they are entitled to remand.  If however Mr. Harless was only acting as an agent of State Farm, thereby rendering State Farm solely liable for its agent's actions, there is no possibility Plaintiffs will succeed in establishing liability, making remand unavailable.

California courts have recognized that an agent or employee of an insurance company is not liable to an insured while acting in the scope of the agency or employment.  *Lippert v. Bailey*, 241 Cal.App.2d 376, 382 (1966).  Following *Lippert* however, California courts have accepted three exceptions to the general rule.  An agent may incur personal liability by assuming a greater duty, or special duty, to the insured: (1) by entering into "an express agreement to ensure adequate coverage;" (2) by "holding out [] to assume a greater duty toward an insured;" and (3) by "misrepresenting the policy's terms or extent of coverage."  *Paper Savers, Inc. v. Nacsa*, 51 Cal.App.4th 1090, 1097 (1996).  Thus, California does not bar liability as against an individual insurance agent.

In 2004, a California Court of Appeal held that "[l]ike other agents, an insurance company's [agent] may be personally responsible [for the torts of] intentional misrepresentation, or fraud."  *McNeil v. State Farm Life Ins. Co.*, 116 Cal.App.4th 597, 603.  Several California courts have determined that an agent could be, or was found to be, personally liable for negligent misrepresentation to an insured.  *See Butcher v. Truck Insurance Exchange*, 77 Cal.App.4th 1442, 1465 (2000) (insurance agent could be held liable for negligent misrepresentation where agent misled insured into believing policy provided coverage it did not); *Eddy v. Sharp*, 199 Cal.App.3d 858, 866 (1998) (insurance agent deliberately assumed responsibility for finding policy to suit specific policy needs and could be liable for negligent misrepresentation); *Clement v. Smith*, 16 Cal.App.4th 39, 45 (1993) (judgment against insurance agent for negligently misrepresenting the scope of coverage); *Westrick v. State Farm Insurance*, 137 Cal.App.3d 685, 692-693 (1982) (agent could be held liable for negligence re failure to advise insured that truck

was not covered under existing policy). Here, Plaintiffs have asserted a cause of action for "intentional or negligent misrepresentation," and there exists a possibility that Jake Harless could be found individually liable on that basis. The complaint alleges that Harless held himself out as an expert and misrepresented the scope of coverage under the policy.

Additionally, Defendants' reliance on *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245 can be distinguished. In *Gasnik*, the insurance agent was party to an express agreement with his agency whereby the agency promised to accept responsibility for his acts regardless of whether those acts were within or beyond the scope of employment. *Gasnik,* 825 F.Supp. at 249. The Court is not aware of a similar express agreement here.

Because an insurance agent may assume a special duty to an insured where the agent misrepresents the nature, extent, or scope of coverage being offered, individual liability may attach. In that instance, the agent is not fraudulently joined in a lawsuit against a party's insurer to defeat diversity jurisdiction. *Macey v. Allstate Property & Cas. Ins. Co.,* 220 F.Supp.2d 1116 (N.D. Cal. 2002). Plaintiffs appear to have a plausible theory of liability against Jake Harless for misrepresentation of the policy's terms.

In sum, Defendants have not met their burden of proving that the joinder of Jake Harless as an individual was fraudulent by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). It appears then that Mr. Harless was properly joined. Therefore, this Court lacks subject matter jurisdiction because Jake Harless, like the Lozanos, is a California citizen and, thus, there is no diversity of citizenship.

## IV.

## RECOMMENDATION

For the foregoing reasons, this Court hereby recommends that Plaintiffs' motion to remand be GRANTED and Defendants' motion to sever or drop claims be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 26, 2010**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE